Judge Owsi.ey
delivered the opinion.
This writ of error is prosecuted by Anderson to reverse a judgment recovered against him in an action of ejectment, brought in the circuit court by Turner.
On the trial in that court, for the purpose of shewing bis title, Turner produced in evidence a deed of bargain and sale, purporting to have been made to him by Presley Peak, the surviving executor of the last will and testament of John Peak, deceased, to whom a patent for the land now in contest issued from the commonwealth, and by whose Will the land was directed to be sold, for the use and bepeft *132 of part of his children therein named, but no directions were given in the will by whom the sale was to be made.
When a testator in his will directs lands to be sold, without stating by ■whom, the right to sell and convey devolves upon the executors, a ,d survives to the survivor.
The will bears date in February, 1806, and was duly proven and admitted to record in the county court of Scott, where the testator resided at his death, at the March court, 1806; and Presley Peak and Spencer Peak, the executors therein named, at the same time took upon themselves, by executing bond, &c. as the law directs, the due execution of 'he will. But it was admitted that before the deed was executed by Presley Peak, the other executor, Spencer Peak, had departed this life; and upon that admission, the counsel for Anderson moved the court to instruct the jury, that tiie surviving executor had no right to convey the land, and that the deed to S umer consequently passed no title; but the court overruled the motion. Whether, therefore, the motion was correctly overruled, is the first enquiry to which the attention of this court will be directed,
As the will contains no direction to the executors to sell the land, it is perfectly clear, upon common law principles, that Presley Peak, the surviving executor, could neither sell or convey; for, at common law, executors, in virtue of their office, possess no power over the fee simple estate in lands, and could not, without an express authority delegated to them by the will for that purpose, do any act in relation thereto.
But by a statute of this country, (1 Littell, 622,) it is enacted, that “the sale and conveyance of lands devised to “be sold, shall be made by the executors, or such of them as “shall undertake the execution of the will, if no other per“son be thereby appointed for that purpose; or if the per“son so appointed shall refuse to perform the trust, or die “before he shall have completed it.”
This statute, we are of opinion, should be construed, as well to authorise the survivor of the executors to sell and convey, as the executors who, by qualifying and executing bond, take upon themselves the execution of the will. According to the literal import of the language employed in the statute, it rather implies a power to sell and convey in such only of the executors as take upon themselves the execution of the will; but viewed as a remedial statute, and construed liberally to attain the object intended by its makers, we apprehend the power should be considered as surviving to the survivor of the executors By conferring the power on such of the executors as take upon themselves *133 the execution of the will, implies an intention, in the makers of the law, to make the execution of the power part of the official duty of the executors; and as the office of executor survives, it would seera to follow, that the power incident to, and forming a part of, that office, must also survive. It results, therefore, that notwithstanding the death of one of the executors, the survivor had authority to convey the land, and that the court properly overruled the motion of the counsel of Anderson to instruct the jury that the deed to Turner passed no title.
Thestatute for the speedy adjusting only to those wh® are actually m of time limited thereby,
On the trial in the circuit court, Anderson appears to have relied on the length of his possession in bar of Turner’s right lo recover; and his counsel’s motion' for the court to instruct the jury that his possession formed a sufficient bar to the action, was overruled.
On the discussion of the motion in that court, various positions appear to have been assumed by the counsel for Anderson; but from the view we have taken of the cause, are not important to a decision of the present contest. If Anderson’s possession can avail him, it must be under the act lo compel the speedy adjustment of land claims, (Sess ion acts, I §08, pa. 85,) and not under the laws limiting the time of bringing actions, or entering upon land, which were in force at the passage of that act. For the evidence is clearly insufficient to prove an adverse possession of the land in contest, either in Anderson or those under whom be claims, for twenty years prior to the commencement of the ejectment by Turner; and according to the laws in force at the passage cf the act of 1808, twenty years adverse possession was necessary to toll or bar a right of entry. And we are not of opinion that by the evidence Anderson has brought, his case is within the provisions of the act of 1808. He is admitted lo have purchased the land from M’Kee, to whom the patent issued from the commonwealth, and perhaps that admission should be construed to imply an admission of bis having such a claim as would bring his case witbin the provisions of the act, if his case was of the description required by ils provisions. We think, however, he is not proven to have such a possession. He is, it is true, proven to be possessed of the land in contest; but he is not shewn to have actually settled upon the land included within the claim of Turner, and it is only in cases of such a settlement that the act can have any operation. The first section of the act provides, that after the firdt day cf *134 January, 1816, no action at law, or bill in equity, or other process, shall be commenced or sued out by any person or persons, chiming land under or by an adverse interfering entry, survey or patent, whereby to recover the possession from any person or persons, who shall have actually settled thereon, before the passage of the act, and to which he or she, so settled at the time of such settlement, had a connected title in law or equity, dtducible of record from the commonwealth, and where the settler shall have acquired such title or claim after the time of the settlement made, the limitation shall begin to run only from the time of acquiring such title or claim.
To constitute a valid declaration in ejectment, the pltf must shew title at the demise0*
Now, by the provisions of this section, it is obvious that the person asserting his claim, is only required to commence his action within the time prescribed, where there has been an actual settlement thereon, by a person having a title in law or equity, deducibleof record from the commonwealth. The claimant is not interdicted from commencing an action to recover lands which may, in any manner, have been held adversely for the term prescribed by the act, but he is forbid suing upon those claims only, which have been possessed by an other in consequence of an actual settlement upon the land, to which the claim is asserted. — From this construction of the act, it follows, as Anderson appears not to have actually settled on the land in contest, the court did right in refusing to instiuct the jury, that his possession barred Turner’s right to recover the land.
The on*-v remaining point which we shall notice, grows out of the court’s refusal to grant a new trial,
We are of opinion a new trial ought to have been award-ecj ¶⅛⅛ 0f t|je executor through which Turner asserted title, appears to have been made subsequent to the date of the demise laid in the declaration. Turner, there-^0re’ cannot ^ave s*lewn himself possessed of such an interest in the land as would authorize him to lease the land, at the time the demise is alleged to have been made; and it is well settled, that to authorise a recovery in ejectment, there must be a title proveu in the lessor at the date of the demise. It results, therefore, that the verdict of the jury against Anderson was contrary to evidence, and consequently the court ought to have awarded a new trial on the ground, taken in the motion, of the verdict being against evidence
The judgment must be reversed with cost, the cause re-» *135 manded io the court below, and a new trial there awarded, and such farther proceedings had as may be consistent with this opinion.
Bibb for plaintiff, Crittenden for defendant.